SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (“BIA”) decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.
Petitioner Shpetim Kuka, his wife, Luz-ime Kuka, and their two sons, Marsel and Angjelo Kukam, are natives and citizens of Albania. They seek review of the December 19, 2007 order of the BIA denying their motion to reopen removal proceedings. In re Shpetim Kuka, et al., Nos. A078 690 281/282/283/284 (B.I.A. Dec. 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006)(per curiam) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).
The BIA did not abuse its discretion in finding that Petitioners did not establish prima facie eligibility for the relief they sought. See Kaur v. BIA, 413 F.3d 232, 233-34 (2d Cir.2005) (per curiam); see also INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). As the BIA properly noted, Petitioners failed to show any connection between Shpetim’s political opinion and the threat that his sister received. Indeed, the “denunciation,” or police report, she filed did not state that the unknown men who threatened her had any knowledge of Shpetim’s alleged political opinion, much less that they issued the threats on account of that opinion. Similarly, the BIA did not err in concluding that Petitioners did not show a connection between the head injuries that Shpetim’s cousin, Bashkim, sustained and Shpetim’s political opinion. Bashkim’s medical reports did not state that the injuries were the result of a beating, much less a beating that was politically motivated. Finally, the BIA did not err in finding that evidence indicating that the Albanian government had dismissed the charges against his cousin, Hysni, actually demonstrated improved conditions. Indeed, the documents regarding Hysni’s charges *789 show that the prosecutor’s office found that it had insufficient evidence to maintain the charges after examining the allegedly incriminating photos, and advised Hysni that he could seek compensation for his unjust imprisonment. As a result, the BIA did not err in finding that Petitioners failed to make out a prima facie case for relief. See Kaur, 413 F.3d at 233-34; see also Abudu, 485 U.S. at 104-05, 108 S.Ct. 904.
Petitioners’ contention that the BIA failed to give weight to the evidence that they submitted is without merit. The BIA specifically discussed the evidence that Petitioners submitted, and explained why each piece would not support a claim for relief. Furthermore, the BIA acted within its discretion in finding that the evidence submitted would not suffice to establish a prima facie case for relief. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (the weight afforded to evidence is largely within discretion of the agency). Ultimately, the BIA did not err in finding Petitioners’ evidence insufficient to meet their “heavy burden” in demonstrating eligibility for relief. See Abudu, 485 U.S. at 110, 108 S.Ct. 904.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).